IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RONALD WEAVER § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:24-CV-00524-JRG |
| § | |
| VISTRA CORP. d/b/a LUMINENT MINING § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss Plaintiff's Original Complaint (the "Motion"). (Dkt. No. 5) filed by Defendant Vistra Corp. d/b/a Luminent Mining ("Defendant"). Having considered the Motion, the briefing, and for the reasons set forth herein, the Court is of the opinion that the Motion should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

I.    BACKGROUND

On July 11, 2024, Plaintiff Ronald Weaver ("Plaintiff") filed this action against Defendant for four (4) violations of the Americans with Disabilities Act (the "ADA"), four violations of the Family and Medical Leave Act (the "FMLA"), and one (1) violation of Chapter 21 of the Texas Labor Code.  (Dkt. No. 1 at ¶¶ 24-35.)  Defendant subsequently filed the Motion on August 26, 2024.  (Dkt. No. 5.)  Briefing on the motion ended without a sur-reply from Plaintiff.

II.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2). A court can dismiss a complaint that fails to meet this standard.  FED. R. CIV. P. 12(b)(6). "To survive dismissal at the pleading stage, a complaint must state 'enough facts such that the claim to relief is plausible on its face.'"  *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir.

2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court accepts well-pled facts as true and views all facts in the light most favorable to the plaintiff, but the Court is not required to accept the plaintiff's legal conclusions as true.  *Id.*

### III.  DISCUSSION

#### A.  Disparate Treatment

To withstand dismissal for failure to state a claim of disparate treatment under the ADA, a plaintiff must plead facts sufficient to inference that (1) he has a disability, (2) he was qualified for the job, and (3) he was subject to an adverse employment decision on account of his disability.  *See Cicalese v. University of Texas Medical Branch*, 924 F.3d 762, 767 (5th Cir. 2019); *Smith v. Kendall*, 2024 WL 4442040, at *4 (5th Cir. 2024) (citing *Raj. V. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)); *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 697 (5th Cir. 2014).

##### 1.  Whether Plaintiff Has a Disability

The ADA defines a "disability" regarding an individual as established by "a ***record*** of [a physical or mental impairment that ***substantially limits one or more major life activities*** of such individual.]"  42 U.S.C. 12102(1)(B) (Emphasis added).

Defendant alleges that Plaintiff did not plead facts sufficient to infer that he has a "disability."  (Dkt. No. 5 at 4-6.)  Specifically, Defendant insists that Plaintiff failed to adequately plead that (1) his impairment "substantially limits one or more major life activities" and (2) he has a record of an impairment.  (*Id.*)  The Court disagrees.

###### a.  "substantially limits one or more major life activities"

42 U.S.C. § 12102(2)(A) defines a "major life activity" as "includ[ing] … working."  A major life activity is "substantially limited" when an impairment substantially limits a plaintiff's

ability to perform a major life activity "as compared to most people in the general population." *Cannon v. Jacobs Field Services North America, Inc.*, 813 F.3d 586, 591 (5th Cir. 2016). Additionally, the Fifth Circuit has repeatedly clarified that, since passage of the ADA Amendment Act of 2008, "the threshold issue of whether an impairment 'substantially limits' a major life activity should not demand extensive analysis,' and the term 'shall be interpreted and applied to require a degree of functional limitation that is lower than the standard for 'substantially limits' previously applied." (*Id.* (citations omitted); *see also Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 479 (5th Cir. 2023).)  Indeed, "'[s]ubstantially limits' is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i).

Defendant argues that the Complaint "is utterly void of any allegation … to show that [Plaintiff's] [Guillain-Bare syndrome][1] substantially limited a major life activity." (Dkt. No. 5 at 5.)  Defendant asserts that Plaintiff provided no factual details about when he was diagnosed, the symptoms of his impairment, or whether it resolved. (*Id.*)  According to Defendant, Plaintiff's allegation that he has a disability under the ADA "is the very definition of a conclusory allegation."

The Court disagrees.  The Complaint, when viewed in a light most favorable to Plaintiff, provides that, after having an adverse reaction to a vaccine in April of 2021, Plaintiff was diagnosed with Guillain-Bare syndrome between May of 2021 and June of 2022. (Dkt. No. 1 at ¶¶ 18-21.)  The Complaint also represents that Plaintiff was unable to work—an enumerated "life activity"—for one (1) year as the result of his impairment. (Dkt. No. 1 at ¶ 19.)  The Complaint therefore inferences that Plaintiff's impairment substantially limited a major life activity.

---

[1] The Court notes that Plaintiff clarified his disability is Guillain-Bare syndrome.  (Dkt. No. 9 at 3.)

3

### b. *"a record of such impairment"*

An individual has a "record of [] an impairment" if he "has as a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or major life activities." 29 C.F.R. § 1630.2(k)(1); *see also Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1120-21 (5th Cir. 1998). Additionally, courts must broadly construe the term "to the maximum extent permitted by the ADA." 29 C.F.R. § 1630.2(k)(2).

Defendant argues that Plaintiff failed to plead he has a "record of [] an impairment" under the ADA. (Dkt. No. 5 at 6.) Specifically, and although Defendant acknowledges that Plaintiff was approved for disability-related leave of absence, Defendant insists that such approval "is not sufficient to prove or establish 'a record of impairment.'" (*Id.*) Defendant supports its theory by citing to *Sherrod*. (*Id.*)

The Court understands that *Sherrod* supports—not negates—a finding of a record of impairment if a plaintiff takes a disability-related leave of absence. In *Sherrod*, the Fifth Circuit found that "evidence [of prior back surgery and disability-related leave of absence] tends to prove … a record of impairment." 132 F.3d at 1121. Accordingly, the Court finds that Plaintiff adequately pled that he has a "record" of impairment.

Plaintiff has pled facts sufficient for the Court to infer that Plaintiff has "a record of [a physical or mental impairment that substantially limits one or more major life activities of such individual.]" 42 U.S.C. 12102(1)(B). Accordingly, Plaintiff has adequately pled he has a "disability" under the ADA.

### 2. *Whether Plaintiff Was Qualified for the Job*

Defendant disputes that Plaintiff pled facts sufficient to infer that he was qualified as a train operator. (Dkt. No. 5 at 13; Dkt. No. 9 at 3.)

4

The Complaint shows that Plaintiff was employed by Defendants for "roughly" thirty-six (36) years. (Dkt. No. 1 at ¶ 14.) Additionally, the Complaint provides Plaintiff worked as a train operator for nine (9) years, an amount of time that is more than double the maximum amount of training (four (4) years) that Defendant requires to operate a train. (*Id*. ¶¶ 14, 19.) Accordingly, Plaintiff has adequately pled that he was qualified for the job.

### 3. *Whether Plaintiff Was Subject to an Adverse Employment Decision on Account of His Disability.*

Defendant argues that it is "entitled to dismissal" under this prong. (Dkt. No. 5 at 8). Specifically, Defendant insists that Plaintiff did not plead any facts to show that any individual with whom he interviewed knew of his impairment. (*Id*. at 7.)

The Complaint provides that "'Tish' in [Defendant's] HR"[2] both spoke with Plaintiff about returning to work from his disability-related leave of absence and interviewed Plaintiff for the train operator position. (Dkt. No. 1 at ¶¶ 21-22.) Additionally, the Complaint represents that, despite not hiring Plaintiff, Defendant "posted for two more train operator positions." (*Id*. at ¶ 22.) Plaintiff therefore sufficiently pled that Defendant subjected him to an adverse employment decision on account of his disability.

As noted above, Plaintiff has adequately pled (1) he has a disability, (2) he was qualified for the job, and (3) he was subject to an adverse employment decision on account of his disability. Accordingly, Plaintiff has pled facts sufficient to inference its allegation of disparate treatment under the ADA.

### B.     **Failure to Make Reasonable Accommodations for Plaintiff's Disabilities**

To survive a motion to dismiss for failure to state a "failure to accommodate" claim under the ADA, a plaintiff must plead facts sufficient to infer that: "(1) the plaintiff is a qualified

---

[2] Although Defendant notes that Plaintiff later refers to "Tish" in HR as "Trish" in HR, the facts, when viewed in a light most favorable to Plaintiff, indicate that Plaintiff referred to the same person. (Dkt. No. 5 at 2.)

individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Neely v. PSEG Texas, Ltd. Partnership*, 735 F.3d 242, 247 (5th Cir. 2013).

Defendant argues that Plaintiff did not adequately plead that (2) Defendant knew of Plaintiff's disability and its consequential limitations. (Dkt. No. 5 at 11.) Defendant notes that the Complaint does not plead Plaintiff "requested any sort of accommodation" for his disability. (*Id*.) Defendant further contends that Plaintiff did not plead he required any reasonable accommodation at all. (*Id*.) Instead, the Complaint provides Plaintiff was "fully trained and physically able to be a train operator" at the time of his interview with Defendant. (*Id*. (citing Dkt. No. 1 at ¶ 23.))

The Court agrees. Plaintiff did not plead facts to infer that Defendant knew of the consequential limitations of Plaintiff's disability. The Court also notes that Plaintiff did not plead facts to infer that Defendant failed to make reasonable accommodations for such limitations. Accordingly, the Court finds that Plaintiff has failed to plead facts supporting its allegation of Defendant's failure to accommodate Plaintiff's disability.

### C.  Remaining Claims

"[F]ailure to respond to defendant's argument in a motion to dismiss constitutes abandonment." *Campbell v. Coppell Independent School District*, 2025 WL 384410, at *3 (5th Cir. 2025) (citing *Black v. North Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)); *Ferris v. Blucora, Inc. Key Leadership Change of Control Severance Plan, et al.*, 736 Supp.3d 506, 519 (E.D. Tex., June 10, 2024) ("But facing a motion to dismiss is the precise time that a party should respond. Failure to do so may constitute abandonment of a claim").

In the Motion, Defendant moves to dismiss Plaintiff's (1) disparate impact claim (2) unlawful medical inquiry claim, (3) FMLA retaliation claim, and (4) age discrimination claim under Chapter 21 of the Texas Labor Law (the "Remaining Claims"). (Dkt. No. 5 at 8-13.)

6

Plaintiff's response is entirely silent on the Remaining Claims. Additionally, and after Defendant argued Plaintiff abandoned the Remaining Claims, Plaintiff did not reply. (Dkt. No. 10 at 2-3.) Plaintiff has abandoned the Remaining Claims.

## IV.    CONCLUSION

Defendant's Motion to Dismiss (Dkt. No. 14) is **DENIED** with respect to Plaintiff's disparate treatment claim under the ADA and is **OTHERWISE GRANTED**. Additionally, and for the reasons stated herein, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's allegations save for his allegations of disparate treatment under the ADA. However, it is further **ORDERED** that Plaintiff shall have leave within **14 days from the date of this Order** during which to file an amended pleading, addressing these legal theories and the shortcomings noted above.

**So ORDERED and SIGNED this 25th day of March, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE